UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN ALLEN TANKERSLEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US, LLC,<br><br>Defendant. | No. 2:25-cv-00464-DC-CKD<br><br><u>ORDER DISMISSING THIS ACTION DUE TO PLAINTIFFS' FAILURE TO COMPLY WITH COURT ORDERS AND FAILURE TO PROSECUTE</u><br><br>(Doc. Nos. 10, 20) |

On July 15, 2026, the court issued an order directing Plaintiffs to show cause "why Plaintiffs have failed to comply with Local Rule 230(c)," specifically because Plaintiffs did not file an opposition or a statement of non-opposition as required. (Doc. No. 21.) Plaintiff did not respond to that order to show cause. Consequently, on July 23, 2026, the court issued an order directing Plaintiffs to show cause, within seven days, "why this action should not be dismissed due to Plaintiffs' failure to comply with court orders, failure to comply with the Local Rules, and failure to prosecute." (Doc. No. 22.) Plaintiffs' deadline to respond to that order has now passed, and Plaintiffs have not filed a response or a request for an extension of time in which to do so.

In light of Plaintiffs' failure to timely respond to the orders to show cause and his failure to file an opposition or statement of non-opposition to Defendant's pending motion, it appears that Plaintiffs no longer wish to prosecute this action but rather have abandoned the litigation.

In determining whether to dismiss a case for lack of prosecution, courts consider the

follow factors: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Hernandez v. City of El Monte*, 138 F.3d 393, 398 (9th Cir. 1998).

In addition, the Local Rules of this court provide that the failure of a party to comply with any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E.D. Cal. L.R. 110. A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. *Id.*; *see also Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint), *as amended* (May 22, 1992).

Here, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to Defendant all support the imposition of the sanction of dismissal here. Only the public policy favoring disposition on the merits counsels against dismissal. However, Plaintiffs' failure to prosecute this action makes disposition on the merits an impossibility. Finally, with respect to availability of less drastic sanctions, the court has considered alternative measures. The issuance of yet another order to show cause would be futile under the circumstances presented.

Accordingly, this action will be dismissed due to Plaintiffs' failure to prosecute and failure to comply with the court's orders, including the Local Rules.

For the reasons set forth above,

1. This action is DISMISSED, without prejudice, due to Plaintiffs' failure to respond to the July 23, 2026 order to show cause (Doc. No. 22), failure to prosecute this action, and failure to obey court orders, including the Local Rules;
2. Defendant's pending motions (Doc. Nos. 10, 20) are DENIED as having been rendered moot by this order; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **August 10, 2026**

Dena Coggins
United States District Judge